Frank A. Gullotta, J.
These are separate motion for alimony and counsel fees in two matrimonial actions, each of which seeks a judgment of separation.
The defendants are father and son and the plaintiffs are mother and daughter and since they all lived in the same house, and many episodes in one marriage are related to the other, they have been treated as related matters by the parties, and the court will so treat them in this opinion.
The elder Kruchtens seem to have gotten along fairly well until the young couple came to live with them, after which there were constant fights, in which all of them became involved.
Kruchten Senior says he wants the plaintiff, Verla Kruchten, to come back and live with him, but without her daughter. This is a reasonable request and if made in good faith would dispose of the abandonment issue but there are other charges made of peculiar, if not eccentric behavior, of batterings about by plaintiff’s step-son, which defendant tolerates, and while it is impossible on papers alone to determine where the truth lies, certain it is that plaintiff should not be supported by the taxpayers of Nassau County, while this action is pending.
Defendant does not deny the assertion that his income is $15,000 per year. His papers do not advert to his financial resources in any way.
The plaintiff will be awarded temporary alimony of $75 per week, commencing March 30, 1959, and a counsel fee of $500, payable one half within 20 days and the balance when the case reaches the ready calendar.
As to the daughter Sara’s case against the son, when she came to visit her mother in December, 1957, the son, Van Boone Kruchten, was attending college but living home. She gave birth to a child on August 31, 1958, of which the defendant first admitted paternity, although he now denies it. He nevertheless married the plaintiff on January 3, 1959, and she is now pregnant again.
The court will be better able to appraise at a trial the truth or falsity of the serious charges of physical violence committed upon her person by the defendant. But there is no occasion for her to be a county charge in the meantime either.
*143 This defendant also ignores the assertion that his earnings are $450 per month.
Neither of these defendants appears to be aware of rule 19 of the Nassau County Supreme Court Rules which requires detailed information from both sides on a motion of this kind.
The plaintiff Sara Kruchten is allowed temporary alimony in the amount of $60 per week, commencing March 30, 1959, and a counsel fee of $500 payable in like manner as the above counsel fee.
Settle separate orders.